UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTT M. LEE | CIVIL ACTION |
| VERSUS | NO. |
| ROSEN USA INC. | JUDGE |
| | MAGISTRATE JUDGE |

### NOTICE OF REMOVAL

TO:  Scott M. Lee
   Through his counsel of record
   Jack E. Chappuis, Jr.
   Francis J. Lobrano
   W. Allen Schafer
   Law Office of Francis J. Lobrano, L.L.C.
   147 Keating Drive
   Belle Chasse, LA  70037

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446(a), Oprona, Inc. d/b/a Rosen USA, Inc., incorrectly named defendant herein as Rosen USA, Inc., hereby files this Notice of Removal to effect the removal of this action to the United States District Court for the Eastern District of Louisiana.

### PARTIES

1. Plaintiff Scott M. Lee ("Lee") is an individual citizen of the State of Louisiana.

1

2. Defendant Oprona, Inc. d/b/a Rosen USA, Inc. ("Oprona"), incorrectly named defendant herein as Rosen USA, Inc., is a Texas corporation with its principal place of business, headquarters, and base of operations in Houston, Harris County, Texas.

## FACTUAL BACKGROUND

3. On January 11, 2012, Lee filed suit against Oprona in state court in Plaquemines Parish, Louisiana in proceedings entitled *Scott M. Lee v. Rosen USA, Inc.,* No. 59-347 on the docket of the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana. *See* Ex. 1, Service of Process Transmittal from CT Corporation System to Ingrid U. Wade, with attached letter from Jack E. Chappuis, Jr. to CT Corporation System as registered agent for Rosen USA, Inc., Citation, and Plaintiff's Petition for Damages for Breach of Contract and Wrongful Termination and Retaliatory Discharge Under the Louisiana Whistleblower Act, LA.R.S. 30:2027 ("Petition").  In his state court suit, Lee alleged that Oprona is indebted to him in connection with the termination of his employment, which he characterizes as an unlawful breach of contract and as a retaliatory discharge under Louisiana's environmental whistleblower statute, La.R.S. 30:2027.

4. With respect to his statutory whistleblower claim, Lee alleges in his Petition that he is entitled to recover "triple damages resulting from his wrongful termination, and all costs of preparing, filing and prosecuting this law suit[], as specified by La.R.S. 30:2027B(1).  Further, such damages are to be tripled pursuant to Paragraph B(1) of the statute, shall be for a period of up to three years, and shall include lost wages, lost anticipated wage increases, lost benefits, and any and all physical or emotional damages resulting from Mr. Lee's wrongful termination, as

dictated by R.S. 30:2027B.(2)(b)."[1]  Petition at ¶ 20.

5.  At the time of his termination, Lee's annual salary was $90,000.  The pro-rated amount of this salary from January 14, 2011 (Lee's termination date) through December 30, 2011 (the termination date of the contract) is more than $86,000.  This amount alone exceeds $75,000, exclusive of interest and costs.

6.  With respect to his breach of contract claim, Lee alleges that he and Oprona entered into a one-year employment contract on December 30, 2008, and that the contract by its terms automatically renewed for each one-year period until terminated by written notice of termination by either party.  Petition at ¶¶ 2, 4-6.  Lee further alleged that Oprona terminated his employment effective January 14, 2011, which constituted a breach of contract under Louisiana law.  Petition at ¶¶ 7, 19.

7.  The Petition alleges damages which reasonably reflect an amount in controversy which exceeds the sum or value of $75,000, exclusive of interest and costs.

---

[1] La.R.S. 30:2027B.(1) provides:

> Any employee against whom any action is taken as a result of acting under Subsection A of this Section may commence a civil action in a district court of the employee's parish of domicile, and shall recover from his employer triple damages resulting from the action taken against him and all costs of preparing, filing, prosecuting, appealing, or otherwise conducting a law suit, including attorney's fees, if the court finds that Subsection A of this Section has been violated.  In addition, the employee shall be entitled to all other civil and criminal remedies available under any other state, federal, or local law.

La.R.S. 30:2027B.(2)(b) provides:

> 'Damages' to be tripled pursuant to Paragraph B(1) of this Section shall be for the period of the damages, but not to exceed three years, and shall include but not be limited to lost wages, lost anticipated wages due to a wage increase, or loss of anticipated wages which would have resulted from a lost promotion, and if the period of the damage exceeds three years, the employee shall thereafter be entitled to actual damages.  In addition to the above, 'damages' shall also include any property lost as a result of lost wages, lost benefits, and any physical or emotional damages resulting therefrom.

8. On January 17, 2012, CT Corporation System, Oprona's registered agent for service of process in Texas, was served with a copy of the citation and Petition. Ex. 1. On January 17, 2012, Oprona received a letter from Lee's counsel with a copy of the Petition. *See* Ex. 2, letter dated January 13, 2012 from Jack E. Chappuis, Jr. to H. Rosen USA, Inc.

9. Oprona files this Notice of Removal prior to the expiration of thirty days from receipt of such service and notice.

## BASIS FOR REMOVAL

10. Removal to this Court is proper because there is complete diversity of citizenship between the parties under 28 U.S.C. § 1332(a)(1), and the actual amount in controversy is in excess of $75,000, exclusive of interest and costs. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. 1332.

11. Defendant will promptly file a Notice of Removal in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, the Louisiana state court where the Petition was filed.

12. Defendant attaches and files herewith a copy of the process and pleadings served on Oprona in the state court litigation.

## PRAYER

WHEREFORE, Defendant Oprona, Inc. d/b/a Rosen USA, Inc., incorrectly named defendant herein as Rosen USA, Inc., hereby removes all further proceedings in this action to the United States District Court for the Eastern District of Louisiana and respectfully requests that this Court assume full jurisdiction in this action as provided by law. Defendant Oprona, Inc. d/b/a Rosen USA, Inc. further asks for all relief to which it may show itself justly entitled in law or in equity.

Respectfully submitted,

PHELPS DUNBAR, LLP

*/s/ Maureen Jennings*

_____
Maureen Blackburn Jennings, T.A.
La. Bar No. 3100
700 Louisiana Street, Suite 2600
Houston, Texas 77002
Telephone: (713) 877-5523
Telecopier:  (713) 626-1388
Email:  maureen.jennings@phelps.com

and

M. Nan Alessandra
La. Bar No. 16783
MaryJo L. Roberts
La. Bar No. 30692
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
alessann@phelps.com
robertsm@phelps.com

**ATTORNEYS FOR DEFENDANT
OPRONA, INC. d/b/a Rosen USA, Inc.**

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Notice of Removal and exhibits thereto has been served on this 7th day of February, 2012 on the following counsel of record by mail and by fax:

Jack E. Chappuis, Jr.
Francis J. Lobrano
W. Allen Schafer
Law Office of Francis J. Lobrano, L.L.C.
147 Keating Drive
Belle Chases, LA 70037

*[signature]*

_____